UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE ASBURY,<br><br>        Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, et al.<br><br>        Defendants. | Case No.: 1:15-cv-01062-BAM (PC)<br><br>SCREENING ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

      Plaintiff Diane Asbury ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.) Plaintiff's complaint, filed July 10, 2015, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1 from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §
2 1915(e)(2)(B)(ii).

3     A complaint must contain "a short and plain statement of the claim showing that the pleader is
4 entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6 do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell
7 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's
8 allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
9 Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
10 omitted).

11     Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally
12 construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.
13 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which
14 requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is
15 liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted);
16 Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a
17 defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of
18 satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks
19 omitted); Moss, 572 F.3d at 969.

20 **II.     Plaintiff's Allegations**

21     Plaintiff is currently incarcerated at California Institution for Women.  The events in the
22 complaint are alleged to have occurred while Plaintiff was incarcerated at Century Regional Detention
23 Facility, in Los Angeles, and Central California Woman's Facility, in Chowchilla. Plaintiff names the
24 following defendants: Edmund G. Brown, Jr.; Jeffrey A. Beard; D.K. Johnson; Leroy David Baca;
25 State of California; County of Los Angeles; Los Angeles County Sheriff's Department; Central
26 California Women's Facility; Century Regional Detention Facility; Central California Women's
27 Facility Library; California Department of Corrections and Rehabilitation; Officer Utley; Officer
28

Gibbs; Officer A. Gaona; Officer Jane Doe #1; Officer Jane Doe #2; Officer John Doe; Sergeant A.B. Flores; Sergeant B. Fortner.

Plaintiff alleges as follows: Plaintiff had been incarcerated at Century Regional Detention Facility ("CRDF") and Central California Women's Facility ("CCWF"). Plaintiff was transferred within the CRDF facility on September 11, 2013. Defendant Officer Utley failed to provide an inventory of Plaintiff's belongings for the transfer, and Plaintiff was never provided an inventory during the ninth months of her stay.

Plaintiff was transferred on May 13, 2014 to state prison by Officer John Doe. Officer John Doe told Plaintiff that she could not bulk mail her belongings because her return address was no longer CRDF since she was being transferred. She was told by Officer John Doe and Officer Jane Doe #1 to carry her belongings with her and was given a green bag to transport her in-cell belongings.

When Plaintiff arrived at CCWF, her belonging were reviewed and inventoried. Officer A. Gaona told her she has "a lot of stuff" and disallowed her books and papers and told her she must donate, discard or send home. Then Officer A. Gaona refused to let her send home her property claiming Plaintiff had no money in her trust account. Plaintiff said she had $50 in her trust account. Officer A. Gaona said he was going to throw away her books and papers. Plaintiff attempted to explain to Officer A. Gaona, but Officer Jane Doe #2 told Plaintiff to calm down and told Plaintiff to back away or have time added to her sentence. Officer Jane Doe #2 would not let Plaintiff talk. Defendant Officer threw away the contents of her envelopes and her books, and returned the empty envelopes to Plaintiff.

Plaintiff seeks declaratory relief, injunctive relief and compensatory damages.

**III. Deficiencies of Complaint**

**A. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to link each of the defendants to any constitutional violation. Plaintiff alleges only what Officer Gaone and Officer Jane Doe #2 did with relation to her property.  If Plaintiff elects to amend her complaint, she must state what each person did or did not do which caused an alleged violation of her Constitutional rights.

### B.  Supervisory Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

However, supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378,

385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); OSU Student Alliance v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012) ("§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which" causes a constitutional deprivation.) For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury. Long, 442 F.3d at 1189. Plaintiff must allege that the injury could have been avoided had proper policies been implemented.

Plaintiff names various individuals as Defendants who hold supervisory level positions within the CDCR and in the State of California. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with her claims. Plaintiff has not alleged that any Defendant instituted a deficient policy, or shown that such a policy was the moving force behind a deprivation of her constitutional rights, or that her injury could have been avoided with proper policies. Plaintiff will be granted leave to amend to the extent she can do so in good faith.

### C. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Although not entirely clear, it appears Plaintiff is raising different claims against different defendants which are unrelated, which she may not do in this action. For example, Plaintiff may not pursue a claim against certain defendant(s) for issues related to her mail in CRDF, while

5

simultaneously pursuing a claim against other defendant(s) at a different institution for destroying her property.

It appears that Plaintiff violated Rule 18(a) by including multiple unrelated claims against multiple defendants in this single filing. If Plaintiff elects to amend her complaint, Plaintiff must choose which claims she wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### D.     Official Capacity Claims

Under Section 1983, Plaintiff may seek prospective injunctive relief against a defendant in his official capacity. See Thornton v. Brown, 757 F.3d 834, 839 (9th Cir.2013) (citing cases). "Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (citing, inter alia, Monell v. Dept. of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 n.55 (1978)).

As the Ninth Circuit Court of Appeals explained in Hartmann v. CDCR, 707 F.3d 1114, 1127 (9th Cir.2013):

> A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. See id.; Graham, 473 U.S. at 166. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief. See L.A. Cnty. v. Humphries, 562 U.S. 29 (2010); Hafer [v. Melo], 502 U.S. [21] at 25 [1991].

A defendant in a suit to enjoin an allegedly unconstitutional practice must be able to appropriately respond to court-ordered injunctive relief if the plaintiff prevails.  Plaintiff's complaint fails to assert that any of the named Defendants has the ability to appropriately respond to court-ordered injunctive relief.

### E.     Eleventh Amendment

Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law. 42 U.S.C. § 1983. "Persons" who may be sued under Section 1983 do not include a state

1  or its entities, or state employees acting in their official capacities. See Will v. Michigan Dept. of State
2  Police, 491 U.S. 58 (1989); see also Kentucky. Graham, 473 U.S. 159 (1985) (the Eleventh
3  Amendment bars federal damages action against a state and its entities).
4        Claims for damages against the state, its agencies or its officers for actions performed in their
5  official capacities are barred under the Eleventh Amendment, unless the state waives its immunity.
6  Kentucky v. Graham, 473 U.S. 159, 169 (1985); see also Will v. Michigan Dep't of State Police, 491
7  U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under §
8  1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. See
9  Quern v. Jordan, 440 U.S. 332, 344-45 (1979). See also Hafer v. Melo, 502 U.S. 21, 30 (1991)
10 (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual
11 capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their
12 official capacities).
13       For these reasons, the State of California, CDCR and its prisons are not subject to suit under
14 Section 1983. Furthermore, Plaintiff cannot state cognizable claims against defendants in their official
15 capacities for monetary damages.

**F. Claims against Los Angeles County**

17       A municipal entity or its departments is liable under section 1983 only if plaintiff shows that
18 his constitutional injury was caused by employees acting pursuant to the municipality's policy or
19 custom. Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Monell v. New
20 York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541
21 F.3d 950, 964 (9th Cir. 2008). Here, Plaintiff fails to state a claim against the Los Angeles County or
22 Century Regional Detention Facility because she has not sufficiently alleged that she was injured as a
23 result any policy or custom of the County. Local government entities may not be held vicariously
24 liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat
25 superior. See Board of Cty. Comm'rs. v. Brown, 520 U.S. 397, 403 (1997).  Plaintiff will be granted
26 leave to amend, but is cautioned that she may only join claims that comply with Rule 18 and 20.
27 Plaintiff is therefore advised that should she desire to pursue claims for conduct alleged to have

occurred while housed in Los Angeles County, she should file a separate civil action in the appropriate district.

### G. Doe Defendants

Plaintiff names as defendants Jane Does #1 and #2 and John Doe #1. Unidentified or "Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' or 'Jane Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended her complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### H. Violation of Due Process

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 4 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533. This is because "[t]he state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property

California Law provides a post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, because Plaintiff appears to challenge unauthorized deprivations of funds from her trust account and destruction of various property, California provides her with an adequate state post-deprivation remedy, and these claims may not proceed in a § 1983 action. However, in light of Plaintiff's pro se status, the Court will grant Plaintiff leave to amend to the extent she may do so in good faith.

### I. First Amendment

Plaintiff's complaint seems to allege violation of her First Amendment right to exercise free speech when she was stopped by Jane Doe #2 from explaining the Officer Gaono about her property and trust account.

The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const . amend. I. The Supreme Court has continuously held "a prison inmate [only] retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). Indeed, the Supreme Court has long recognized that "(l)awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).  Plaintiff will be granted leave to amend to the extent she may do so in good faith.

### J. Exhaustion

Plaintiff is advised that she is required to exhaust "such administrative remedies as are available" prior to bringing suit. 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). To properly exhaust, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). Exhaustion may be excused where administrative procedures were effectively unavailable, prison officials obstructed attempts to exhaust, or the plaintiff was prevented from exhausting because procedures for processing grievances were not followed. See Sapp v. Kimbrell, 623 F.3d 813, 822-24 (9th Cir. 2010).

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within **thirty (30) days**. Noll v.

Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 10, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and
4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **September 15, 2016**         /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE