UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE ASBURY,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, et al.<br><br>    Defendants. | Case No.: 1:15-cv-01062-BAM (PC)<br><br>SCREENING ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, WITH LEAVE TO AMEND<br><br>(ECF No. 10)<br><br>**THIRTY (30) DAY DEADLINE** |

    Plaintiff Diane Asbury ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.) Plaintiff's amended complaint, filed October 26, 2016, is currently before the Court for screening. (ECF No. 10.)

**I.    Screening Requirement and Standard**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently incarcerated at California Institution for Women. The events in the complaint are alleged to have occurred while Plaintiff was incarcerated at Central California Woman's Facility (CCWF), in Chowchilla. Plaintiff names the following defendants: Edmund G. Brown, Jr.; Jeffrey A. Beard; Leroy David Baca, L.A. County Sheriff; D.K. Johnson, CCWF Warden, Officer Utley; Officer Gibbs; Officer A. Gaona; Sergeant A.B. Flores; Sergeant B. Fortner; State of California; County of Los Angeles; Central California' Women's Facility and its library; Century Regional Detention Facility; Los Angeles County Sheriff's department; California Department of Corrections and Rehabilitation.

1    Plaintiff alleges as follows: Plaintiff was deprived of property without due process. It is not
2 clear from the allegations, but it appears that when she was transferred, there was delay in transfer of
3 her trust fund account. When she arrived at her institution with a $0 balance in her trust account, the
4 "trash, donate, or mail home" policy was triggered. The delay in transfer of funds meant that she could
5 only "donate" or trash her personal property. She "donated" to the CCWF law library. She alleges
6 that lax discipline or training causes inmates to lose property during intake process. She alleges that
7 seizure of her drawing and manuscripts were in violation of DCDR's Title 15 policies.

8    Plaintiff alleges that her fifth to effective counsel was violated by Officer Goana's search,
9 review, seizure and discard of what Plaintiff states was her legal material. Plaintiff alleges that
10 whatever was "not legal" material was discarded. Plaintiff alleges that Officer Goana discarded her
11 papers without any training or insight into her case or medical issues as ro what was important before
12 it was discarded. She alleges that officers in receiving trash inmates' property at will and gave an
13 example of face cream in a plastic container which was scooped out into a plastic bag before it was
14 returned to her.

15    Plaintiff seeks an injunction to stop the practice of delay fund transfer and the "trash, donate, or
16 mail home" practices. Plaintiff also asks for compensatory and punitive damages. Plaintiff also
17 attaches the original complaint to her amended complaint.[1]

18   **Deficiencies of Complaint**

19   **A.  Linkage Requirement**

20   The Civil Rights Act under which this action was filed provides:

21   Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen
of the United States ... to the deprivation of any rights, privileges, or immunities secured by the
22 Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper
proceeding for redress.
23

24 42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the

25 actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v.

26 Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v.

27 ----

28 [1] In the original screening, Plaintiff was informed that the amended complaint must be complete in and
of itself. The Court will not incorporate allegations attached from a prior, superseded complaint.

Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

As Plaintiff was previously informed, Plaintiff has failed to link each of the defendants to any constitutional violation. Plaintiff alleges only what Officer Gaona did with relation to her property. If Plaintiff elects to amend her complaint, she must state what each person did or did not do which caused an alleged violation of her Constitutional rights.

### B. Supervisory Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

However, supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); OSU Student Alliance v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012) ("§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of

1  a policy the enforcement (by the defendant-supervisor or her subordinates) of which" causes a
2  constitutional deprivation.)  For a policy to be the moving force behind the deprivation of a
3  constitutional right, the identified deficiency in the policy must be closely related to the ultimate
4  injury. Long, 442 F.3d at 1189. Plaintiff must allege that the injury could have been avoided had
5  proper policies been implemented.

6  Plaintiff names various individuals as Defendants who hold supervisory level positions within
7  the CDCR and in the State of California. However, Plaintiff is advised that a constitutional violation
8  cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the
9  supervisory Defendants participated in or directed conduct associated with her claims. Plaintiff has not
10 alleged that any Defendant instituted a deficient policy, or shown that such a policy was the moving
11 force behind a deprivation of her constitutional rights, or that her injury could have been avoided with
12 proper policies. Plaintiff will be granted leave to amend to the extent she can do so in good faith.

13 **C.      Federal Rules of Civil Procedure 18 and 20**

14 As Plaintiff was previously informed, Plaintiff may not bring unrelated claims against
15 unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950,
16 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim
17 against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or
18 series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R.
19 Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction"
20 requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the
21 defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if
22 they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same
23 party.

24 Although not entirely clear, it appears Plaintiff is raising different claims against different
25 defendants which are unrelated, which she may not do in this action. It is unclear whether Plaintiff is
26 pursuing actions for delay in transferring her funds from her prior institution and pursuing a claim
27 against certain defendant(s) for issues related to her mail in CCWF.

28

It appears that Plaintiff violated Rule 18(a) by including multiple unrelated claims against multiple defendants in this single filing. If Plaintiff elects to amend her complaint, Plaintiff must choose which claims she wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### D.   Official Capacity Claims

Under Section 1983, Plaintiff may seek prospective injunctive relief against a defendant in his official capacity. See Thornton v. Brown, 757 F.3d 834, 839 (9th Cir.2013) (citing cases). "Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (citing, inter alia, Monell v. Dept. of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 n.55 (1978)).

As the Ninth Circuit Court of Appeals explained in Hartmann v. CDCR, 707 F.3d 1114, 1127 (9th Cir.2013):

> A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. See id.; Graham, 473 U.S. at 166. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief. See L.A. Cnty. v. Humphries, 562 U.S. 29 (2010); Hafer [v. Melo], 502 U.S. [21] at 25 [1991].

A defendant in a suit to enjoin an allegedly unconstitutional practice must be able to appropriately respond to court-ordered injunctive relief if the plaintiff prevails.  Plaintiff's complaint fails to assert that any of the named Defendants has the ability to appropriately respond to court-ordered injunctive relief.

### E.   Eleventh Amendment

Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law. 42 U.S.C. § 1983. "Persons" who may be sued under Section 1983 do not include a state or its entities, or state employees acting in their official capacities. See Will v. Michigan Dept. of State

6

1  Police, 491 U.S. 58 (1989); see also Kentucky. Graham, 473 U.S. 159 (1985) (the Eleventh
2  Amendment bars federal damages action against a state and its entities).
3      Claims for damages against the state, its agencies or its officers for actions performed in their
4  official capacities are barred under the Eleventh Amendment, unless the state waives its immunity.
5  Kentucky v. Graham, 473 U.S. 159, 169 (1985); see also Will v. Michigan Dep't of State Police, 491
6  U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under §
7  1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. See
8  Quern v. Jordan, 440 U.S. 332, 344-45 (1979). See also Hafer v. Melo, 502 U.S. 21, 30 (1991)
9  (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual
10 capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their
11 official capacities).
12     For these reasons, the State of California, CDCR and its prisons are not subject to suit under
13 Section 1983. Furthermore, Plaintiff cannot state cognizable claims against defendants in their official
14 capacities for monetary damages.
15     **F. Claims against Los Angeles County**
16     A municipal entity or its departments is liable under section 1983 only if plaintiff shows that
17 his constitutional injury was caused by employees acting pursuant to the municipality's policy or
18 custom. Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Monell v. New
19 York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541
20 F.3d 950, 964 (9th Cir. 2008). Here, Plaintiff fails to state a claim against the Los Angeles County or
21 Century Regional Detention Facility because she has not sufficiently alleged that she was injured as a
22 result any policy or custom of the County. Local government entities may not be held vicariously
23 liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat
24 superior. See Board of Cty. Comm'rs. v. Brown, 520 U.S. 397, 403 (1997).  Plaintiff will be granted
25 leave to amend, but is cautioned that she may only join claims that comply with Rule 18 and 20.
26 Plaintiff is therefore advised that should she desire to pursue claims for conduct alleged to have
27 occurred while housed in Los Angeles County, she should file a separate civil action in the appropriate
28 district.

### G. Violation of Due Process

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 4 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533.  This is because "[t]he state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property

California Law provides a post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, because To the extent Plaintiff challenges unauthorized deprivations of funds from her trust account and destruction of various property, California provides her with an adequate state post-deprivation remedy, and these claims may not proceed in a § 1983 action.  However, in light of Plaintiff's pro se status, the Court will grant Plaintiff leave to amend to the extent she may do so in good faith.

### H. Mail and Transfer Policy

A prisoner's right to send and receive mail is attenuated by the prison's competing right to adopt regulations and policies "reasonably related to legitimate penological interests," including "security, order, and rehabilitation." Whitherow v. Paff, 52 F.3d 264, 265 (9th cir. 1995)(citing Turner v. Safley, 482 U.S. 78, 89 (1987) and Procunier v. Martinez, 416 U.S. 396, 413 (1974)). Legitimate penological interests include "security, order, and rehabilitation." Procunier v. Martinez, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974).  The burden is thus on plaintiff to allege and demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which she complains. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (prisoner "must show that there were no legitimate correctional purposes motivating the actions he complains of.").

While Plaintiff has alleged the delayed transfer trust account caused her to be subject of the "trash, donate or mail home" policyy, she does not allege who is responsible for the policy or whether it is reasonably related to legitimate penological interest.   Similar deficiencies in the allegations of the "trash, donate or mail home" policy exist.  Plaintiff fails to allege who is responsible for the policy or whether it is reasonably related to legitimate penological interest.   Plaintiff has not alleged that any Defendant instituted a deficient policy, or shown that such a policy was the moving force behind a deprivation of her constitutional rights, or that her injury could have been avoided with proper policies. Plaintiff will be granted leave to amend to the extent she can do so in good faith.

## I.      Injunctive Relief

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) Here, there are no allegations that Plaintiff will be subject to the policies at issue again.  Plaintiff resides at CCI and thus the policies affecting a transferred-in inmate, delay in the trust account and the "trash, donate, or mail home" policy are inapplicable to Plaintiff.  Accordingly, the request for injunctive relief are rendered moot absent allegation Plaintiff will be subjected to the policies.

## III.      Conclusion and Order

For the reasons stated, Plaintiff's complaint, which is largely identical to the original complaint, fails to state a claim upon which relief may be granted. Plaintiff will be granted **one final opportunity** to file an amended complaint within **thirty (30) days**. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556

U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed October 26, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and
4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **November 9, 2016**          /s/ Barbara A. McAuliffe          
                                        UNITED STATES MAGISTRATE JUDGE