# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE ASBURY,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, et al.<br><br>    Defendants. | Case No.: 1:15-cv-01062-BAM (PC)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)<br><br>(ECF No. 12) |

Plaintiff Diane Asbury ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.) Plaintiff's second amended complaint, filed December 14, 2016, is currently before the Court for screening. (ECF No. 12.)

**I.**     <u>**Screening Requirement and Standard**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at Century Regional Detention Facility. The events in the complaint are alleged to have occurred while Plaintiff was incarcerated at Central California Woman's Facility (CCWF), in Chowchilla and in Los Angeles County. Plaintiff names the following defendants: California Department of Corrections and Rehabilitation; County of Los Angeles; Los Angeles County Sheriff's Department; Leroy David Baca, L.A. County Sheriff; D.K. Johnson, CCWF Warden; Officer A. Gaona; Sergeant A.B. Flores; Sergeant B. Fortner; Century Regional Detention Facility.

Plaintiff alleges as follows: Plaintiff was deprived of property without due process. Plaintiff complains that the policy of delaying transferring an inmate's funds for up to 30 days after the inmate is transferred resulted in a $0 balance in her account. When she arrived at her institution with a $0 balance in her trust account, the "trash, donate, or mail home" policy was triggered. The delay in transfer of funds meant that she could only "donate" and was forced to donate her property. The delayed fund transferring policy deprived plaintiff of her property. Plaintiff alleges that Los Angeles Sheriff's Department, LA County and CDCR should have known the delayed transfer of funds would prevent inmates' ability to shop or send property home. Plaintiff alleges that the State's failure to provide disciplinary guidelines of receiving departments resulted in bullying of inmates and no right of appeal. Plaintiff alleges that the seizure and discarding of Plaintiff's drawings and manuscript by Officer Gaona violated Plaintiff's Fifth Amendment rights.

Plaintiff alleges that her right to effective counsel was violated by Officer Gaona's search, review, seizure and discard of what Plaintiff states was her legal material. Plaintiff alleges that whatever Gaona felt was "not legal" material was discarded. Plaintiff alleges that Officer Gaona would not allow her to speak, which was a violation of Plaintiff First Amendment right and is an assault. Plaintiff complains that Officer Gaona discarded her papers without any training or insight into her case or medical issues or what was important before it was discarded. She alleges that officers in receiving were not given necessary trainings and disciplinary actions. Plaintiff seeks an injunction to stop the practice of delay fund transfer and the "trash, donate, or mail home" practices. Plaintiff also asks for compensatory and punitive damages.

**Deficiencies of Complaint**

**A. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v.

3

Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff was previously informed, but continues to fail to link each of the defendants to any constitutional violation. Plaintiff alleges only what Officer Gaona did with relation to her property.

**B. Supervisory Liability**

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

However, supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); OSU Student Alliance v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012) ("§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which" causes a

constitutional deprivation.) For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury. Long, 442 F.3d at 1189. Plaintiff must allege that the injury could have been avoided had proper policies been implemented.

Plaintiff names various individuals as Defendants who hold supervisory level positions within the CDCR and in the State of California. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with her claims. Plaintiff has not alleged that any Defendant instituted a deficient policy, or shown that such a policy was the moving force behind a deprivation of her constitutional rights, or that her injury could have been avoided with proper policies.

Plaintiff has alleged generally the existence of a policy of "trash, donate, or mail home" but fails to allege that this policy was a violation of her rights. An unconstitutional policy cannot be proved by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427 (1985). In this instance, a single incident establishes a "policy" only when the decision-maker has "final authority" to establish the policy in question. Collins v. City of San Diego, 841 F.2d 337, 341 (9th Cir. 1988), citing Pembauer v. City of Cincinnati, 475 U.S. 469 (1986). Here, Plaintiff alleges a single incident, where her funds were delayed in transferring. Even assuming the delay in transferring funds arises to a constitution right, Plaintiff fails to allege that any defendant promulgated or implemented a deficient policy.

### C. Federal Rules of Civil Procedure 18 and 20

As Plaintiff was previously informed, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction"

requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff is raising different claims against different defendants, at different institutions, which are unrelated. As she has been repeatedly told, she may not do so in this action. Plaintiff is pursuing actions for delay in transferring her funds from her prior institution and pursuing a claim against certain defendant(s) for issues related to her mail in CCWF. Plaintiff violated Rule 18(a) by including multiple unrelated claims against multiple defendants in this single filing.

### D. Official Capacity Claims

Under Section 1983, Plaintiff may seek prospective injunctive relief against a defendant in his official capacity. See Thornton v. Brown, 757 F.3d 834, 839 (9th Cir.2013) (citing cases). "Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (citing, inter alia, Monell v. Dept. of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 n.55 (1978)).

As the Ninth Circuit Court of Appeals explained in Hartmann v. CDCR, 707 F.3d 1114, 1127 (9th Cir.2013):

> A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. See id.; Graham, 473 U.S. at 166. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief. See L.A. Cnty. v. Humphries, 562 U.S. 29 (2010); Hafer [v. Melo], 502 U.S. [21] at 25 [1991].

A defendant in a suit to enjoin an allegedly unconstitutional practice must be able to appropriately respond to court-ordered injunctive relief if the plaintiff prevails. Plaintiff's complaint fails to assert that any of the named Defendants has the ability to appropriately respond to court-ordered injunctive relief.

**E. Eleventh Amendment**

Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law. 42 U.S.C. § 1983. "Persons" who may be sued under Section 1983 do not include a state or its entities, or state employees acting in their official capacities. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); see also Kentucky. Graham, 473 U.S. 159 (1985) (the Eleventh Amendment bars federal damages action against a state and its entities).

Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. Kentucky v. Graham, 473 U.S. 159, 169 (1985); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. See Quern v. Jordan, 440 U.S. 332, 344-45 (1979). See also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

For these reasons, and as Plaintiff has been previously informed, the State of California, CDCR and its prisons are not subject to suit under Section 1983 for monetary damages. Furthermore, Plaintiff cannot state cognizable claims against defendants in their official capacities for monetary damages.

**F. Claims against Los Angeles County**

A municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 964 (9th Cir. 2008). Here, Plaintiff fails to state a claim against the Los Angeles County or Century Regional Detention Facility because she has not sufficiently alleged that she was injured as a result any policy or custom of the County. Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. See Board of Cty. Comm'rs. v. Brown, 520 U.S. 397, 403 (1997).

**G.     Violation of Due Process**

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 4 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533.  This is because "[t]he state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property

California Law provides a post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, because Plaintiff challenges unauthorized deprivations of funds from her trust account and unauthorized destruction of various property and papers by Officer Gaona, California provides her with an adequate state post-deprivation remedy, and these claims may not proceed in a § 1983 action.

**H.  Mail and Transfer Policy**

A prisoner's right to send and receive mail is attenuated by the prison's competing right to adopt regulations and policies "reasonably related to legitimate penological interests," including "security, order, and rehabilitation." Whitherow v. Paff, 52 F.3d 264, 265 (9th cir. 1995)(citing Turner v. Safley, 482 U.S. 78, 89 (1987) and Procunier v. Martinez, 416 U.S. 396, 413 (1974)). Legitimate penological interests include "security, order, and rehabilitation." Procunier v. Martinez, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974).  The burden is thus on plaintiff to allege and demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which she complains. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (prisoner "must show that there were no legitimate correctional purposes motivating the actions he complains of.").

While Plaintiff has alleged the delayed transfer trust account caused her to be subject of the "trash, donate or mail home" policy, she does not allege who is responsible for the policy or whether it

is reasonably related to legitimate penological interest. Plaintiff has not alleged that any Defendant instituted a deficient policy, or shown that such a policy was the moving force behind a deprivation of her constitutional rights, or that her injury could have been avoided with proper policies.

**I.     Interference with Access to Courts**

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Plaintiff has not adequately articulated factual allegations sufficient to state a claim for interference with access to the courts. Plaintiff's conclusory allegation that the destruction of her documents could have resulted in an adverse effect on her defense, fails to state a cognizable claim.

**J.     First Amendment Right to Speak**

Plaintiff does not have a First Amendment right to speak in prison. Prisoners retain those First Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). A prison is authorized under the law to adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). For instance, Harpool v. Beyer, Case No. 2:10–CV–1253 MCE GGH, 2012 WL 4038444 * 9 (E.D.Cal.2012) (holding that a disabled inmate had no First Amendment right to speak to a sergeant prior to being placed into administrative segregation); and also Protected conduct as contemplated by the First Amendment in the prison context has included filing of prison grievances, Bruce v. Ylst, 351 F.3d, 1263, 1288 (9th Cir. 2003), giving legal assistance to other inmates, Rizzo v. Dawson, 778 F.2d 527, 531, (9th Cir. 1985), and access to the courts, Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135

L.Ed.2d 606 (1996). Plaintiff fails to state a cognizable claim based on her allegations that she was not allowed to explain to Officer Gaona what was in her property.

### K. Injunctive Relief

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) Here, there are no allegations that Plaintiff will be subject to the policies at issue again. Plaintiff resides at Century Regional Detention Facility and thus the policies affecting a transferred-in inmate, delay in the trust account and the "trash, donate, or mail home" policy are inapplicable to Plaintiff. Accordingly, the request for injunctive relief is rendered moot absent allegation Plaintiff will be subjected to the policies.

### III. Conclusion and Order

For the above reasons, Plaintiff's second amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously notified of the applicable legal standards and deficiencies in her pleading, and despite guidance from the Court, Plaintiff has repeatedly failed to cure the identified deficiencies. In this most recent complaint, Plaintiff has generally alleged fewer facts in support of her claims.

Based on the foregoing, it appears that there are no further facts that would support a claim for relief in this matter under 42 U.S.C. § 1983, and further amendment would be futile. See Hartmann, 707 F.3d at 1130. Due to the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

///

///

Accordingly, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A, this actions is HEREBY DISMISSED, with prejudice, for failure to state a claim;

2. This dismissal SHALL count as a strike against Plaintiff under 28 U.S.C. § 1915(g); and

3. The Clerk of the Court is directed to TERMINATE all pending motions and CLOSE this action.

IT IS SO ORDERED.

Dated: **May 8, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE